IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-00059-01-CR-W-DGK |
| MARCO D. WHITLEY, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS

Before the court is Defendant's Motion to Suppress. Defendant moves the Court to suppress all evidence and statements resulting from the February 3, 2015, traffic stop on grounds of a Fourth Amendment violation. For the following reasons, Defendant's motion should be denied.

### *I. BACKGROUND*

Currently pending before the Court is Defendant's motion to suppress (Doc. No. 21). The government appeared at the suppression hearing by Assistant United States Attorney Bruce Clark. Defendant was present, represented by appointed counsel Ronna Holloman-Hughes. The government called Kansas City, Missouri Police Officers Robert Reilly and Sabrina Dean to testify. The following exhibits were admitted into evidence:

Government's Exhibit 1: Photo – Arial view
Government's Exhibit 2: Photo – Winner Road & Ewing Road
Government's Exhibit 3: Photo – Street view (north)
Government's Exhibit 4: Photo – Close-up of street with stop sign
Government's Exhibit 5: Dash-cam video

Defendant's Exhibit 1: Photo – Alleyway & fence
Defendant's Exhibit 2: Photo – Closer view of alleyway & fence
Defendant's Exhibit 3: Photo – Street view & alleyway

Defendant's Exhibit 4:    Photo – Street view

Court's Exhibit 1:    Incident report

## II. EVIDENCE

On the basis of the evidence presented at the suppression hearing, I submit the following findings of fact.

1. On February 3, 2015, Kansas City, Missouri Police Officers Robert Reilly and Sabrina Dean were on patrol duty (Tr. at 6, 27).

2. At approximately 10:00 p.m., the officers were watching the intersection of Wilson and Ewing for individuals who did not stop at the stop sign (Tr. at 6-7, 10, 27-28). They were parked on the gravel road south of the VFW building located at the intersection of Wilson and Ewing (Tr. at 10, 27, 29; Gvt. Exhs. 2, 3; Def. Exhs. 1-4). From this location, Officers Reilly and Dean had a clear line of sight to the intersection through the chain-link fence (Tr. at 10, 19, 26, 28, 38-39; Def. Exh. 1).

3. The stop sign at the intersection of Wilson and Ewing is located on a light pole in front of the VFW building (Tr. at 11; Gvt. Exh. 4). The stop sign as observed from the officers' vantage point is circled in Defendant's Exhibit 1 (Def. Exh. 1).

4. At approximately 10:10 p.m., Officers Reilly and Dean observed a vehicle traveling eastbound on Wilson (Tr. at 11). The vehicle completely failed to stop at the stop sign and also failed to signal to make a right turn onto Ewing (Tr. at 11, 20, 24, 29, 30). The officers could not see the vehicle's brake lights, as they were facing the front of the vehicle (Tr. at 21). They could see the vehicle's headlights and turn signal (Tr. at 21, 26).

5. Officers Reilly and Dean turned on their patrol car's headlights after the vehicle traveled passed them southbound on Ewing and began to follow the vehicle (Tr. at 12).

6. Officers Reilly and Dean activated their patrol car's emergency lights as they approached the intersection of Ewing and Winner Road and conducted a traffic stop (Tr. at 12; Gvt. Exh. 1, Gvt. Exh. 5 at 10:13:53).

7. Officers Reilly and Dean approached the vehicle and the driver, later identified as Defendant, opened the door (Tr. at 14; Gvt. Exh. 5 at 10:14:23). Officer Reilly immediately smelled freshly-smoked marijuana (Tr. at 14, 21, 25). He testified that he was "definitely" familiar with the smell of marijuana (Tr. at 25). Officer Reilly did not see any marijuana or paraphernalia (Tr. at 22). Officer Dean was on the passenger's side of the vehicle and could see inside the window (Tr. at 30, 32).

8. Officer Reilly informed Defendant he was stopped for failing to stop at the stop sign as well as failing to use a turn signal; Defendant responded that he was sorry (Tr. at 14-15, 30; Gvt. Exh. 5 at 10:15:43). Officer Reilly decided to search the vehicle for marijuana (Tr. at 22).

9. Officer Reilly asked Defendant several times to step out of the vehicle (Tr. at 16). Defendant did not comply and threw himself in the back seat (Tr. at 16, 33). Officer Reilly told Defendant to get out of the vehicle or he would pull Defendant out (Tr. at 16). As Officer Reilly was trying to get Defendant out of the vehicle, Officer Dean observed Defendant reaching down with his right hand for something and stated, "He's grabbing at something." (Tr. at 16, 32; Gvt. Exh. 10:15:53).

10. At approximately 10:16 p.m., Officer Reilly pulled Defendant from the vehicle so Defendant did not have a chance to grab the item for which he was reaching and so they could investigate the smell of marijuana emanating from the vehicle (Tr. at 15, 16).

11. Officer Dean walked to the driver's side of the vehicle and looked inside (Gvt.

Exh. 5 at 10:15:55, 10:16:33). She also smelled a strong aroma of marijuana (Tr. at 35). Officer Dean testified she was familiar with the smell of marijuana through her training and experience (Tr. at 35-36). She also stated the smell of marijuana gives her instantaneous migraines, which occurred during Defendant's traffic stop (Tr. at 36).

12. While looking inside the vehicle, Officer Dean informed Officer Reilly that she observed a gun in the area Defendant had been reaching (Tr. at 16, 34; Gvt. Exh. 5 at 10:16:40). Officer Dean removed the gun from the vehicle (Tr. at 16; Gvt. Exh. 5 at 10:18:50). The gun was fully loaded with a round in the chamber (Tr. at 17, 34; Gvt. Exh. 5 at 10:19:06).

13. Defendant was arrested for failing to comply with a lawful order of a police officer (Tr. at 17, 23, 35). Since he was the only occupant of the vehicle and the vehicle was on the side of the road, the vehicle was towed (Tr. at 17, 26, 35). Pursuant to Kansas City, Missouri Police Department policy, an inventory search was conducted prior to towing (Tr. at 17, 26, 35).

14. A search of the vehicle revealed baggies containing marijuana, prescription drugs and Ecstasy (Tr. at 23-24, 25, 36; Ct. Exh. 1).

### III. LEGAL ANALYSIS

Defendant challenges the constitutionality of the traffic stop, arguing that the officers were not justified in stopping him and that the evidence seized from the vehicle and his statements (as fruits of the poisonous tree) should be suppressed. "A traffic violation, no matter how minor, provides an officer with probable cause to stop the driver." United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2010). See also United States v. Peralez, 526 F.3d 1115, 1119 (8th Cir. 2008); United States v. Coney, 456 F.3d 850, 855-56 (8th Cir. 2006)(citing United States v. Brown, 345 F.3d 574, 578 (8th Cir. 2003)); United States v. Williams, 431 F.3d 296, 298 (8th Cir. 2005); United States v. Gregory, 302 F.3d 805, 809 (8th Cir. 2002). "As long as an

officer 'objectively has a reasonable basis for believing that the driver has breached a traffic law,' the officer has probable cause to conduct a traffic stop."  Coney, 456 F.3d at 856 (quoting United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996)).

The facts of this case do not support Defendant's argument.  Officers Reilly and Dean testified that they had a clear line of sight from their location in the patrol car to the stop sign at the intersection of Wilson and Ewing.  They both personally observed Defendant fail to stop at the stop sign and fail to use his turn signal when turning onto Ewing.  This observation constitutes an objectively reasonable basis for believing Defendant breached a traffic law.  Because probable cause existed for the traffic stop, the Fourth Amendment was not violated.  The evidence recovered from the vehicle and Defendant's subsequent statements should, therefore, not be suppressed.

Having concluded that the traffic stop was constitutional, analysis next focuses on the officers' search of the vehicle.  Officers Reilly and Dean did not have a warrant to search the vehicle so the search must be permitted under an exception to the Fourth Amendment's warrant requirement.  Two such exceptions exist here.

First, the officers' search is constitutionally permissible under the automobile exception. Under the automobile exception, law enforcement officers may "search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity."  United States v. Claude X, 648 F.3d 599, 602 (8th Cir. 2011)(quoting United States v. Brown, 634 F.3d 435, 438 (8th Cir. 2011)).  "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe that there is a fair probability that contraband or evidence of a crime would be found in a particular place."  United States v. Rodriguez, 414 F.3d 837, 843 (8th Cir. 2005)(citing United States v. Fladten, 230 F.3d 1083,

1085 (8th Cir. 2000)).  See also Claude X, 648 F.3d at 602.  The smell of marijuana provides probable cause to search a vehicle.  United States v. Beard, 708 F.3d 1062, 1065 (8th Cr. 2013)(citing United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000)).

In this case, Officer Reilly immediately smelled freshly-smoked marijuana when Defendant opened the vehicle's door.  Officer Dean also smelled a strong aroma of marijuana when she stood outside the driver's side door.  Both officers testified at the suppression hearing that they were very familiar with the smell of marijuana.  Accordingly, Defendant's motion to suppress should be denied.

The inventory search exception provides an alternate ground for denial of Defendant's motion to suppress.  After Defendant was arrested, the officers decided to tow the vehicle since it was parked on the side of the road and there was no one else there to drive it away.  "It is permissible for an officer to conduct an inventory search pursuant to department policy prior to a vehicle being towed, protecting both the vehicle owner and the officers."  United States v. Engler, 521 F.3d 965, 971 (8th Cir. 2008).  See also United States v. Frasher, 632 F.3d 450, 454 (8th Cir. 2011).  Officers Reilly and Dean both testified that the Kansas City Police Department's policy permitted them to conduct an inventory search prior to towing.  See Engler, 521 F.3d 972 ("An officer's testimony that the inventory search was performed within the police department's policy is sufficient.").  The inventory search does not run afoul to the Fourth Amendment.

### IV.  CONCLUSION

For the above-stated reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to suppress.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 29, 2015